# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Case 1:20-cv-07619-ALC

David M Kirk, plaintiff

V

Citigroup Global Markets Holdings Inc, defendant

June 7, 2021

**VIA ECF & E-MAIL**

## Response to Docs 70-72 and Motion for Counter Sanctions

In chronologic order:

1) On 11/17/20 I filed Doc 17 with this Honorable Court stating **3** documented, undisputable, highly relevant, gross misrepresentations made by Defense Counsel Mr. Rubin. In Mr. Rubin's Doc 18 response he denies making any such misrepresentations without expounding one iota on even a single word of my quoted statements.

2) In Doc 27 paragraph 7 I stated a **4th** such misrepresentation in Mr. Rubin's Doc 24 grossly understating the amount of compensatory damages and in Doc 24 he follows this up by making a **5th** misrepresentation by using such figure in comparison to punitive damages to arrive at a much inflated and wrong multiple for punitive damages of 22.5 times compensatory damages. He repeats both lies in Doc 29.

3) On May 3, 2021 Mr. Rubin sent an email to Your Honor with copy to myself including the Exhibits A through O on which under Order 51 were later docketed as Doc 54 with the same accompanying Exhibits with appropriate information redacted. This Honorable Court relied on the information in such email (later Doc 54) and its Exhibits in rendering Order Doc 51. Mr. Rubin's letter begins with a **6th** misrepresentation stating that "this Court admonished Mr. Kirk on April 16, 2021" when in fact at the April 16, 2021 phone conference, Your Honor instructed both sides not to harass. As I stated in my Doc 55 response, I instantly deleted all posts including 98% of others posts from the past year and specifically instructed the group to make no negative posts about Defendant or Counsel. Doc 55 also stated that 12 of the 15 exhibits dated from after the phone hearing and of the three that did not (A, N and O), I stated that Exhibit A posting mentioning Mr. Rubin's home town without any reference to him he misinterpreted as a troubling threat, and I also in Doc 55 responded to Exhibits N and O. Mr. Rubin's letter then accuses me of anti-Semitic remarks in Exhibit B posted by an anonymous identity named "AmVeryIrate" with not a shred of proof linking myself to the identity, a **7th** misrepresentation. Doc 54 page 3 first bullet then states that a referred to Mr. Rubin as a "blood sucking attorney…See Exhibit D". Read Exhibit D – I state that "I prefer suing on

my own…I just got a notice about a class action settlement for snap stock that said the average recipient would receive 55 cents after attorney's fees." It was directly following this that I mentioned "blood sucking attorneys", obviously referring to the class action ones with miniscule recovery for victims and thus in no way related to this case or to Mr. Rubin in the least so an **8th** misrepresentation. Next bullet referencing Exhibit E references internet proliferation **after** this case is over. Gee, with Mr. Rubin failing to recognize the grade school math from my Doc 1 complaint proving this obvious fraud whose start was timed to the exact day of the Defendant's main office closure and merely arguing legal technicalities like punitive damages can't be added to meet the $75,000 threshold when I as a non-attorney easily found and cited *ONEPOINT SOLUTIONS LLC v. BORCHERT*, United States Court of Appeals FOR THE EIGHTH CIRCUIT No. 06-2481 – did Mr. Rubin expect me to leave glowing reviews? I repeat "The only thing necessary for the triumph of evil is for good men to do nothing" and to not warn others I strongly view as a sin of omission.

4) The rest of the bullets follow along about the same lines and as I stated in Doc 55, Exhibits B through M are all very outdated when submitted and all long before the April 16, 2021 conference. Exhibit A was misinterpreted by Mr. Rubin, Exhibit O has no date, simple "14 hrs [ago]", leaving only Exhibit N occurring after the conference which I responded to along with the rest in Doc 55. Exhibit N is the only one of the 15 submitted being dated from after the April 16, 2021 phone conference not misinterpreted (Exhibit A, Doc 54-1, Mr. Rubin's hometown reference) or mis identified (Exhibit B, Doc 54-2 review posted by "AmVery Irate" identity). Exhibit N I clearly entitled "notice of intent", not "notice of harassment", yet Mr. Rubin's Docs 54 and 70 both claim repeated harassment after April 16, 2021, relying heavily on the other 15 dating from as far back as Dec. 3, 2020 (Exhibit K), his **9th** misrepresentation. In the 5 months from Dec. 3, 2020 (or earlier) until his May 3, 2021 email, Mr. Rubin never once mentioned to myself or this Court any of his concerns but merely squirreled away his copies of the posts to sandbag and do nothing with them until he realized regarding his other legal technicalities, I was becoming more adept at finding answers to and so ambushed both myself and this Honorable Court with all the postings in the May 3, 2021 email. Since Mr. Rubin was concerned enough to have his paid staff monitor the group and squirrel away the posts, why didn't he once mention to me his concerns? Of course, I would take the right actions to remedy just as I did on May 3, 2021 when notified, knowing that if I did not that he would ask this Court to intervene.

5) Withholding and then ambushing of Exhibits proves what I've already mentioned, that Mr. Rubin's only goal is winning the case, not either fairness nor justice. Not only was the plethora of complaints dumped all at once on the Honorable Court in his May 3, 2021 email but the vast majority of Exhibits dated from long before the April 16, 2021 conference, no longer relevant in group participation and instantly deleted. Such was the basis on which Order 50 was issued and as I quoted from in Doc 66 'Appeal concerns', "the Court finds the posts referenced in Defendant's letter to be highly concerning and extremely problematic, especially **after** the Court advised Mr. Kirk that "although he is a pro se plaintiff, he is not excused from any obligation not to harass the

defendant or defendant's counsel by any means…ECF No. 43 ("April 16 Conference Tr.") …'threats or actions of leaving stinging online reviews.'" I then stated in Doc 66 "The post referenced (Exhibit H) was dated March 2, 2021, **over six weeks before** the April 16 conference and like all posts so outdated had been forgotten by myself and other group members as they were certainly not the topic of recent conversations since many, many more posts were made in the six weeks since. Yet on this basis of faulty timing of a very outdated post, Defense Counsel was then granted leave in the Order to file motion for sanctions. I also stated in Doc 55 that I immediately deleted the post along with most all the other posts from the past year. Thus, any net sanctions against me could very likely give strong grounds for appeal having been based on erroneous timing and thus nolle prosequi." Order 51 also granted Defense Counsel leave to file both Motion for Sanctions and reply to this filing giving it the first and last arguments while granting me only this filing. This is especially unfair considering additionally (i) my mention of sanctions was first made in my Nov 17, 2020 Doc 17 filling many months earlier than Mr. Rubin's May 3, 2021 email and (ii) such filing was dismissed without the slightest mention of any reason for and (iii) **after** I made this Court and Mr. Rubin aware of Defense Counsel's misrepresentations, they continued for a much longer duration to the present and were much more numerous [eleven misrepresentations cited here compared to the single Doc 54-14 (Exhibit N) being the only one dated after the April 16, 2021 conference providing even the slightest possibility of grounds for sanctions] and (iv) such Doc 54-14 (Exhibit N) is not even included in the Doc 72 Exhibits so it can't be included[1], making none of the Doc 72 exhibits having possible grounds for sanctions. This imbalance of filings and (i) through (iii) add 4 additional concerns to the 6 concerns already given in Doc 66 "Appeal Concerns" to now total 10 (ten). In addition to Order Doc 51, Orders Docs 52 and 65 also grant Defense Counsel first and last arguments to my one argument filing granted in between. And for the Doc 51 Order citing *United States v. Spear*, I've repeatedly stated that the Pacer site didn't return any results for the cited case number starting in Doc 55 and again in Doc 66 paragraph 4 and Doc 73 which both requested the cited case number and Doc 73 was specifically entitled such. Yet such request being the basis of Doc 51 Order granting Defense Motion for Sanctions which this filing responds to I was never given an answer to by Your Honor and upon searching the Pacer site for last name entry of "Spear", among the 195 matching cases I was unable to find the case for Spear as the Defendant and United States as the plaintiff. And though I was never provided a response, Defense Counsel's Doc 74 filed 5/27/2021 (a day after my Doc 73) was responded to by this Court the very next day. The lack of a cited case number in a format that I can use to reference the case leaves me handicapped in the ability to prepare a response in that respect and I respectfully request such be taken into consideration in any judgement on sanctions.

6) Defense Doc 72 Exhibits add additional Exhibits to the Doc 54 Exhibits, yet all but Docs 72-17 & 18 still date from before the April 16, 2021 conference and Doc 72-19 is merely dated "yesterday" and Doc 72-20 as "1 hr. [ago]", a **10th** misrepresentation and the same strategy as Doc 54 and its Exhibits using outdating posts never before mentioned and some not even mentioned in Doc 54 and accompanying Exhibits docketed May 5, 2021

to bias this Honorable Court in making them seem relevant to seeking present sanctions. The Exhibits now date from even farther back starting with Doc 72-1 from Nov 24, 2020! What a sad and pitiful attempt at discouraging myself as a victim of obvious gross fraud because the arguments against the fraud are none. And Doc 72-1 was a polite and reasonable attempt towards progress for an early and fair amicable settlement. My polite attempt was flatly rejected with denial of any wrongdoing while not addressing the obvious figures of fraud I presented. The result is that now Defendant faces at least a dozen related lawsuits totaling over $30 million plus legal fees from the other cases (not even including this case) which will easily surpass the entire amount of my case. And if they continue their contentious posture blind to the obvious blatant fraud it will very likely lead to an in-kind contentious posture by plaintiffs and likely to a class action suit for the total $200 million of the fraud (in addition to the individual suits) plus another federal fine which recently on average has cost defendant $300 million each for a total of over a half billion dollars plus more indictments to add to their December indictments from the $2.5 billion Australian fraud. The Doc 72 bullets follow referencing Docs 72-2 and 72-3 from March 14, 2021 posts of my referencing 15 U.S Code § 77m for the one-year statute of limitations for fraud regarding against stock issuers from the date of discovery of the fraud and then my posted template. As I stated in the phone conference, my case is public information and my posting of it is completely legal as is my reference to U.S. Code. I'm so sorry that Mr. Rubin doesn't like me posting public information in order to aid other victims in recovery of their loss by fraud. Exhibit 72-4 I already responded to as outdated like the rest and before I pledged not to contact Defendant directly since I was made aware not to. Exhibits 72-5 and 72-6 refer to possible suggestions for readers to respond as they see fit. In Exhibit 7 (dated April 8, 2021 also before the phone conference), I state "Ms. Steadman and Mr. Ravi are not inclined to accept your offer of waiver of service because it comes with a 60 day delay for your response" which Mr. Rubin groups in Doc 72 as the next bullet example of harassment even though the plaintiffs made that decision themselves and I merely relayed that information to Mr. Rubin. We are all non-attorneys fighting a repeated acute Defendant under indictment represented by an attorney who uses repeated misstatements because the cases can't be argued against on their merits. Suggestions, group thoughts and actions, empathy, etc. are natural results. It would likewise be a sin of omission if chose not to be proactive. Exhibits 8 – 13 dating from way back in Jan 2021 to early March 2021 I have already responded to in Doc 55 and above such as Exhibit Doc 72-8 being a copy of Doc 54-4 (Exhibit D) which I already stated in paragraph 3 was Mr. Rubin's 8th misrepresentation. Exhibit 14 is merely my statement of opinion that the 15 U.S Code § 77m for the one-year statute of limitations for fraud against stock issuers is a bad law given the customary 4-year limitation in most similar cases. Regarding Exhibits 15 & 16 referencing my knowledge of internet actions against opposing parties, I've already stated in a prior filing that as administrator of the group, I am obviously most informed and up to date of anyone else on all occurrences and that in no way equates to me being responsible for such – an **11th** misrepresentation. Which brings us to the start of the only Doc 72 Exhibits dating from after the April 16, 2021 phone conference in which Your Honor instructed both sides not to harass. Docs 72-17-

19 are merely technical data from the Court website and process server info anyone can access online or by calling servers. Doc 72-20 referencing Mr. Rubin's town is a duplicate of Doc 54-1 (Exhibit A) already addressed as misinterpreted by Mr. Rubin. **This means a total of ZERO Doc 72 Exhibits dating from after the April 16, 2021 phone conference with any semblance of grounds for sanctions.**

7) In Doc 71, Mr. Rubin requests $5,000 in sanctions which he states is only 25% of Defendant's $20,000 legal fees incurred from March 6 through May 4, 2021. $20,000 in 2 months would come to an average of $10,000 per month. My case is now over 7 months old averaging to $70,000 and the schedule to argue subject matter jurisdiction has only recently been posted, so why would Defendant decide to spend so much to fight this case of $43,700 in compensatory damages from the time as I stated in complaint that they received my first certified letter on April 27, 2020 in which I didn't ask for any punitive damages? Is $10,000/month inflated? Or is Defendant totally monetarily foolish? The answer becomes clear that this is merely another fraud in addition to the five recent frauds by Defendant I cited in Docs 22 and 26, and now it has become clear to me that Defendant's modus operandi is to fight these frauds in court cases with a litany of documents (and in my case also misrepresentations) raising legal fees for both sides to force plaintiffs to have to settle for PENNIES ON THE DOLLAR.[2] Thank goodness in the most recent of the five the Defendant is currently under federal indictment and hopefully more indictments will come, being the only effective deterrent. Though I have Jewish ancestry which Mr. Rubin claims that he and Mr. Fishman currently practice, I choose a course similar to New York City Rabbi Abraham Joshua Heschel who fought injustice by standing on the front line with Dr. Martin Luther King, Jr. in the Selma Civil Rights March, not a career dissuading plaintiffs victimized by the acute ongoing frauds of a Defendant by a litany of technicalities and misrepresentations.

8) From the start Mr. Rubin has been the cause of this case dragging out, making ridiculous claims that because I didn't purchase the inverse stock dwt that it was irrelevant, that "supply and demand" is justification for a 50-percentage point shortfall in one day from tracking the index that the uwt stock description in bold advertises to track. If so, why even have that as the stock description? Plus, his arguments that punitive damages can't be added to meet the $75,000 threshold when *ONEPOINT SOLUTIONS LLC v. BORCHERT* makes crystal clear they can. And he pretends not to be aware of the *ONEPOINT* case as magna cum laude graduate of Duke Law School? And then he squirreled away copies of online posts for many months without mentioning them to either myself or to this Court just to present them in bulk in his May 3, 2021 email again as a misrepresentation mainly in the timing (in relation to the April 16, 2021 conference) and also in substance and interpretation. The $20,000 cost he mentions resulting from such only he benefited from, receiving such pay to the detriment of his client having to pay it and to the detriment of myself having to spend more time responding. He is the only one who had and still has clear and acute motive to drag out this case, not myself or Defendant. My time is at least as valuable as that of Mr. Rubin and his staff which is why below I chose the same figure of $5,000 yet in his case twice for the reasons below.

9) Plaintiff seeks $5,000 for Defense Counsel's misrepresentations prior to his May 3, 2021 email and another $5,000 for the misrepresentations after, totaling 11 (eleven). Especially because this Honorable Court in its Order 51 relied on the plethora of outdated posts presented by Mr. Rubin in conjunction with his lie that "this Court admonished Mr. Kirk at the conference" resulting in a judgment based on outdated timing, in particular Exhibit H (Doc 54-8) cited in Order 51 being dated 6 weeks prior to the April 16, 2021 phone conference in which parties were instructed not to harass.

**WHEREAS**, Plaintiff respectfully requests that (i) Defense Counsel's Motion for Sanctions to be dismissed in that the Order 51 allowing its submission was based on erroneous timing promulgated by Defense Counsel's misrepresentations and that (ii) he be sanctioned a total of $10,000 for his ELEVEN misrepresentations and (iii) if he engages in any more misrepresentations that he be removed from this case and referred to the New York State bar for public reprimand.

[1]Doc 54-14 can't be included for the same reason stated by Mr. Rubin in his Doc 29 filing page 5 that "Plaintiff cannot amend his pleading through the briefing of this Motion", referencing his footnote 2 which states "As this Court has observed, "[i]t is well established that 'a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" Bright-Asante v. Wagner, No. 15- cv-9110, 2017 WL 6948359, at *6 (S.D.N.Y. Dec. 1, 2017) (Carter, J.) (citations omitted)." This filing of mine is such a motion to dismiss Mr. Rubin's motion for sanctions as well as a motion for counter sanctions. Mr. Rubin's reply to this filing would be such a brief in opposition of my motion to dismiss and thus he can't add Doc 54-14 in his reply to amend his Docs 70-72 Motion.

[2]Ref: https://www.dkrpa.com/blog/citigroup-settles-shareholder-lawsuit-for-590-million

Respectfully submitted this 7th day of June, 2021

/s/ David M Kirk

David M Kirk, plaintiff

cc: Samuel J. Rubin (via ECF and e-mail)